IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| AMALIA PEREZ | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-04-068 |
| | § | |
| | § | JURY |
| SEARS, ROEBUCK AND COMPANY | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** AMALIA PEREZ, hereinafter called Plaintiff, complaining of and about SEARS, ROEBUCK AND COMPANY, hereinafter called Defendant, and for cause of action shows unto the Court the following:

### PARTIES AND SERVICE

1. Plaintiff, AMALIA PEREZ, is an individual whose address is 31256 FM 510, San Benito, Texas 78586.

2. Defendant SEARS, ROEBUCK AND COMPANY, a nonresident corporation, may be served pursuant to article 2.09 of the Business Corporation Act by serving the registered agent of the corporation, CT Corp. System, at 350 N. St. Paul St., Dallas, Texas 785201, its registered office. Service of said Defendant as described above can be effected by certified mail, return receipt requested.

### JURISDICTION AND VENUE

3. This Court has original jurisdiction in accordance with 28 U.S.C. §1331 as this case arises out of Title VII of the Civil Rights Act of 1964, as amended and the Age Discrimination in

Employment Act of 1967 as amended.

4.  This court has jurisdiction over Defendant SEARS, ROEBUCK AND COMPANY, because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over SEARS, ROEBUCK AND COMPANY will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

5.  Venue is proper in the Southern District of Texas in accordance with 28 U.S.C. §1391(a)(2) as a substantial part of the events or omissions giving rise to the claim occurred in Harlingen, Cameron County, Texas which is situated in the Southern District of Texas.

## NATURE OF ACTION

6.  This is an action under Title VII of the Civil Rights Act of 1964, and the Age Discrimination in Employment Act of 1967, as amended, to correct unlawful employment practices on the basis of age and sex.

7.  This action also arises under Chapter 451 of the Texas Labor Code, Section 451.001 et. seq. to correct unlawful employment practices on the basis of discrimination for filing a workers' compensation claim.

## CONDITIONS PRECEDENT

8.  Plaintiff filed a charge with the U. S. Equal Employment Opportunity Commission alleging violations of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967. A notice of the right to file a civil action has been issued by the U.S. Equal Employment Opportunity Commission. All conditions precedent to the institution of this

lawsuit have been fulfilled. This suit is filed within 90 days after the date a notice of the right to file a civil action was received by Plaintiff and is brought within two years of the date the complaint relating to the action was filed.

## FACTS

9. On or about January 30, 1995, Plaintiff started working for Defendant as a tire installer and battery checker in the Automotive Department of Defendant. In 1996, Defendant injured herself at work and tore some ligaments in her left wrist. On or about 1996, Plaintiff hurt her right hand on the job and received stiches on her knuckles. On or about 1998, Plaintiff spraigned her right leg while working with Defendant. On each of these events Plaintiff filed a workman's compensation claim but took off vacation days as to not receive money from workman's compensation insurance. On or about September 1999, Plaintiff injured her back while working on the job for Defendant. On said injury, Plaintiff received approximately one week's worth of workman's compensation insurance benefits for lost wages.

10. On or about November 7, 2002, Plaintiff injured her shoulder while working for Defendant. Plaintiff reported said injury on November 8, 2002 to receive worker's compensation benefits and in retaliation for filing said benefits, was fired by Defendant on or about November 14, 2002.

11. Defendant used the excuse that Plaintiff was discharged for her carelessness and her negligent work performance which resulted in property damage to Defendant's equipment and customers' vehicles, plus endangering the safety of several customers. After an investigation was conducted by the U.S. Equal Employment Opportunity Commission, it was discovered that a 32 year old male Auto Technician committed the same or similar alleged violations to the same degree of

severity as the Plaintiff, but he was not discharged. The Commission determined a violation of law in discharging Plaintiff based on sex; namely being a female, and because of her age of 48 years.

## AGE DISCRIMINATION

12.     Defendant, SEARS, ROEBUCK AND COMPANY, intentionally engaged in unlawful employment practices involving Plaintiff because of her age. At all material times, Plaintiff was 40 years of age or older.

## SEX DISCRIMINATION

13.     Defendant, SEARS, ROEBUCK AND COMPANY, intentionally engaged in unlawful employment practices involving Plaintiff because she is a female.

## DISCRIMINATION

14.     Defendant, SEARS, ROEBUCK AND COMPANY, intentionally discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive her of any employment opportunity or adversely affect her status because of Plaintiff's age and sex in violation of the Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967.

15.     Defendant, SEARS, ROEBUCK AND COMPANY, intentionally classified Plaintiff in a manner that deprived her of an equal employment opportunity that was provided to employees similarly situated in violation of the Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967.

16.     Plaintiff alleges that Defendant, SEARS, ROEBUCK AND COMPANY, discriminated against Plaintiff on the basis of age and sex with malice or with reckless indifference

to the protected rights of Plaintiff.

## DISCHARGE AND DISCRIMINATION

17. In addition, or in the alternative, Defendant committed unlawful employment practices against Plaintiff by retaliating against Plaintiff because she instituted a workers' compensation claim; which activity is protected under the Texas Labor Code. These acts were done through Defendant's employees and ratified by Defendant. Plaintiff herein invokes the doctrine of respondeat superior; Defendant is liable for the wrongful acts of its employees.

18. In addition, or in the alternative, Plaintiff would show that the discriminatory actions taken against her were motivated by Plaintiff instituting a workers' compensation claim.

19. In addition, or in the alternative, Plaintiff alleges that the discriminatory actions were committed with malice or with reckless indifference to the state-protected rights of Plaintiff by Defendant.

## DAMAGES

20. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

   a. All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court, as the Court deems equitable and just as provided by law. All conditions precedent have been performed or have occurred;

   b. Back pay from the date that Plaintiff was denied equal pay for equal work and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just as provided by law;

   c. All reasonable and necessary costs incurred in pursuit of this suit;

   d. Emotional pain;

    e.    Expert fees as the Court deems appropriate;

    f.    Front pay in an amount the Court deems equitable and just to make Plaintiff whole;

    g.    Inconvenience;

    h.    Pre and Post judgment interest;

    i.    Mental anguish in the past;

    j.    Mental anguish in the future;

    k.    Loss of earnings in the past;

    l.    Loss of earning capacity which will, in all probability, be incurred in the future; and

    m.    Loss of benefits.

## EXEMPLARY DAMAGES

21.    Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed with malice or reckless indifference to the protected rights of the Plaintiff. In order to punish said Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages.

## SPECIFIC RELIEF

22.    Plaintiff seeks the following specific relief which arises out of the actions and/or omissions of Defendant described hereinabove:

    a.    Rehire Plaintiff; and

    b.    Reinstate Plaintiff to the position and pay grade which Plaintiff held but for the unlawful employment actions of Defendant.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, AMALIA PEREZ, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause by jury, judgment be entered for the Plaintiff against Defendant for:

1. Judgment against Defendant for all actual and compensatory damages suffered, for a sum within the jurisdictional limits of the Court;

2. Prejudgment interest as provided by law;

3. An award of punitive or exemplary damages against Defendant;

4. Postjudgment interest as provided by law;

5. Costs of suit;

6. Attorney's fees and expenses;

7. Injunctive and specific relief prayed for hereinabove; and

8. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

By: /s/ Richard E. Zayas
RICHARD E. ZAYAS
Federal Id. No.16825
Texas Bar No. 00788744
3100 E. 14th St.
Brownsville, Texas 78521
Tel. (956)546-5060
Fax. (956)541-4157
Attorney for Plaintiff
AMALIA PEREZ