

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 28 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| AMALIA PEREZ | § § § | |
| Plaintiff, | § § | |
| V. | § § | CASE NO. B-04-068 |
| SEARS, ROEBUCK AND CO. | § § § | |
| Defendant. | § | |

## JOINT DISCOVERY CASE MANAGEMENT PLAN

1. **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

   Counsel for Plaintiff:
   Richard E. Zayas
   3100 E. 14th St.
   Brownsville, Texas 78521
   (956) 546-5060 – Telephone
   (956) 541-4157 – Facsimile

   Counsel for Defendant:
   Mark J. Oberti
   SEYFARTH SHAW LLP
   700 Louisiana, Suite 3700
   Houston, Texas 77002
   (713)225-2300 – Telephone
   (713) 225-2340 – Facsimile
   moberti@seyfarth.com - e-mail

   Mr. Zayas and Mr. Oberti conferred via telephone on June 28, 2004.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   None.

3. **Briefly describe what this case is about.**

   Plaintiff alleges that she was terminated from her job with Sears because of her sex, age, and in violation of Texas Labor Code 451.001. Defendant denies these allegations and asserts that Plaintiff was terminated for legitimate and nondiscriminatory reasons.

HO1 13048539.1

4. **Specify the allegation of federal jurisdiction.**

   Federal question jurisdiction under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, as well as diversity jurisdiction.

5. **Name the parties who disagree and the reasons.**

   No disagreement.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   None.

7. **List anticipated interventions.**

   None.

8. **Describe class-action issues.**

   None.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   Neither party has made its initial disclosures yet. Both parties agree to do so by July 19, 2004.

10. **Describe the proposed agreed discovery plan, including:**

    a. **Responses to all the matters raised in Rule 26(f).**

       The parties agree that no changes are necessary with respect to the disclosures required under Rule 26(a) or applicable local or federal rules.

    b. **When and to whom the Plaintiff anticipates it may send interrogatories.**

       Plaintiff anticipates sending interrogatories by July 21, 2004.

    c. **When and to whom the Defendant anticipates it may send interrogatories.**

       Defendant will serve interrogatories on Plaintiff within the discovery period.

    d. **Of whom and by when the Plaintiff anticipates taking oral depositions.**

       Plaintiff does not know which witnesses he will be taking depositions but she anticipates taking witness depositions by November 30, 2004 and expert depositions by February 28, 2005.

e. **Of whom and by when the Defendant anticipates taking oral depositions.**

Defendant anticipates deposing the Plaintiff within the next 60 days, and deposing other witnesses with knowledge of relevant facts and experts within the discovery period.

f. **When the Plaintiff (or party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff's designation of experts and experts' reports by December 1, 2004.

Defendant's designation of experts and experts' reports by January 15, 2005.

g. **List expert depositions the Plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**

Plaintiff's experts will be deposed by Defendant by February 28, 2005.

h. **List expert depositions the opposing party anticipates taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**

Defendant's experts will be deposed by Plaintiff by April 1, 2005.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Not applicable.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

13. **State the date the planned discovery can reasonably be completed.**

The parties believe discovery can be completed by June 1, 2005.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

Counsel agree to consider informal settlement talks and possibly mediation at some point after any dispositive motions are ruled on.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

See above, number 14.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may effectively used in this case.**

    Mediation after a ruling on any dispositive motions are ruled upon.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The parties do not agree to a trial before a magistrate judge.

18. **State whether a jury demand has been made and if it was made on time.**

    Yes.

19. **Specify the number of hours it will take to present the evidence in this case.**

    20 to 30.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    None.

21. **List other motions pending.**

    None.

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the Court at the conference.**

    None.

23. **Certify that all parties have filed Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.**

    Plaintiff filed hers on May 20, 2004.

    Defendant filed its on May 17, 2004.

HO1 13048539.1

**24.   List the names, bar numbers, addresses and telephone numbers of all counsel.**

<u>Counsel for Plaintiff</u>:
Richard E. Zayas
Federal I.D. No. 16825
State Bar No. 00788744
3100 E. 14th St.
Brownsville, Texas 78521
(956) 546-5060 – Telephone
(956) 541-4157 – Facsimile

<u>Counsel for Defendant</u>:
Mark J. Oberti
Federal I.D. No. 17918
State Bar No. 00789951
Anouchka M. Oppinger
Federal I.D. No. 24366
State Bar No. 24007782
SEYFARTH SHAW LLP
700 Louisiana, Suite 3700
Houston, Texas 77002
(713) 225-2300 – Telephone
(713) 225-2340 – Facsimile

Respectfully submitted,

THE LAW FIRM OF RICHARD E. ZAYAS

By: _____
Richard E. Zayas
3100 E. 14th St.
Brownsville, Texas 78521
(956) 546-5060 – Telephone
(956) 541-4157 – Facsimile

ATTORNEY-IN-CHARGE FOR PLAINTIFF
AMALIA PEREZ

Respectfully submitted,

SEYFARTH SHAW LLP

By: _____
Mark J. Oberti
State Bar No. 00789951
S.D. Texas No. 17918
700 Louisiana Street, Suite 3700
Houston, Texas 77002
(713) 225-2300 - Telephone
(713) 225-2340 - Facsimile

ATTORNEY-IN-CHARGE FOR DEFENDANT
SEARS, ROEBUCK AND CO.

HO1 13048539.1