United States District Court
Southern District of Texas
FILED

JAN 1 0 2005

Michael N. Milby
Clerk of Court

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| AMALIA PEREZ | §, | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CASE NO. B-04-068 |
| | § | |
| SEARS, ROEBUCK AND CO. | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Mark J. Oberti
State Bar No. 00789951
S.D. Texas No. 17918
SEYFARTH SHAW LLP
700 Louisiana Street, Suite 3700
Houston, Texas 77002
(713) 225-2300 – Telephone
(713) 225-2340 – Facsimile

ATTORNEY-IN-CHARGE FOR DEFENDANT
SEARS, ROEBUCK AND CO.

OF COUNSEL:

SEYFARTH SHAW LLP
700 Louisiana Street, Suite 3700
Houston, Texas 77002
(713) 225-2300 – Telephone
(713) 225-2340 – Facsimile

ATTORNEYS FOR DEFENDANT
SEARS, ROEBUCK AND CO.

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................... ii

I.    INTRODUCTION ................................................................................................. 1

II.   UNDISPUTED FACTS ........................................................................................ 2

III.  ARGUMENT AND ANALYSIS .......................................................................... 4

      A.    Summary Judgment Standard ................................................................... 4

      B.    The Judicial Estoppel Doctrine Generally ............................................... 5

      C.    The Judicial Estoppel Doctrine As Applied To The Specific Factual
            Context Of This Case................................................................................ 6

IV.   CONCLUSION..................................................................................................... 9

CERTIFICATE OF SERVICE ...................................................................................... 10

i

# TABLE OF AUTHORITIES

## CASES

*Ahrens v. Perot System Corp.*,
205 F.3d 831 (5th Cir. 2000) ...........................................................5, 6

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)...........................4, 5

*Brandon v. Interfirst Corp.*,
858 F.2d 266 (5th Cir. 1988) .....................................................5

*Burnes v. Pemco Aeroplex, Inc.*,
291 F.3d 1282 (11th Cir. 2002) ..............................................1, 7

*Celotex Corp. v. Catrett*,
477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)...........................4

*In re Coastal Plains, Inc.*,
179 F.3d 197 (5th Cir. 1999) .....................................1, 5, 6, 7, 8, 9

*DeLeon v. Comcar Industries, Inc.*,
321 F.3d 1289 (11th Cir. 2003) .........................................1, 2, 7, 8, 9

*Ergo Science, Inc. v. Martin*,
73 F.3d 595 (5th Cir. 1996) .........................................................5

*Hall v. GE Plastic Pac. PTE Ltd.*,
327 F.3d 391 (5th Cir. 2003) .....................................................5, 6

*Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan
Minyak Dan Bumi Negara*,
364 F.3d 274 (5th Cir. 2004) .....................................................5, 6

*Kelley v. Price-Macemon, Inc.*,
992 F.2d 1408 (5th Cir. 1993) .........................................................5

*Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*,
475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)...........................5

*Omokaro v. Sears, Roebuck & Co.*,
No. H-03-3513 (S.D. Tex., Dec. 30, 2004)...........................................4, 9

HO1 13054062.2

*Payless Wholesale Distributors, Inc. v. Alberto Culver (P.R.) Inc.,*
    989 F.2d 570 (1st Cir. 1993) ........................................................................8

*In re Superior Crewboats, Inc.,*
    374 F.3d 330 (5th Cir. 2004) ...............................................................7, 8, 9

*Thomas v. Price,*
    975 F.2d 231 (5th Cir. 1992) .......................................................................5

*United States v. McCaskey,*
    9 F.3d 368 (5th Cir. 1993) ...........................................................................6

## STATUTES

Fed.R.Civ.P. 56(c) .............................................................................................4

HO1 13054062.2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| AMALIA PEREZ | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CASE NO. B-04-068 |
| | § | |
| SEARS, ROEBUCK AND CO. | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant Sears, Roebuck and Co. ("Sears") files this motion for summary judgment, showing in support as follows:

### I.    INTRODUCTION

Perez filed two bankruptcy cases, and failed to disclose her claims against Sears in either case. Perez's nondisclosures bar this suit against Sears under the doctrine of judicial estoppel. As the Fifth Circuit has observed in applying the judicial doctrine in a similar case, "[c]ourts in numerous cases have precluded debtors or former debtors from pursuing claims about which the debtors had knowledge, but did not disclose, during the debtor's bankruptcy proceedings." *In re Coastal Plains, Inc.*, 179 F.3d 197, 213 (5th Cir. 1999). Under *In re Coastal Plains, Inc.* Sears is entitled to summary judgment. *Id.* (applying judicial estoppel where the plaintiff failed to disclose its claims during its prior bankruptcy proceeding); *DeLeon v. Comcar Industries, Inc.*, 321 F.3d 1289, 1291 (11th Cir. 2003) (holding that the judicial estoppel doctrine barred plaintiff from pursuing discrimination and retaliation claims that he failed to disclose on his bankruptcy schedules); *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1287 (11th Cir. 2002) (same).

1

## II.    UNDISPUTED FACTS

Perez became employed by Sears in January 1995.[1]  On November 29, 2001, Perez filed a Chapter 13 bankruptcy case in the Southern District of Texas, Brownsville Division, under case number 01-23967.[2]  On November 14, 2002, Sears terminated Perez's employment.[3]  On March 4, 2003, Perez filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), in which she alleged that Sears had wrongfully terminated her employment because of her sex and age.[4]

On January 8, 2004, U.S. Bankruptcy Judge Richard S. Schmidt entered an order dismissing Perez's Chapter 13 bankruptcy case, stating "[i]t is further ordered that all funds paid on behalf of the Debtor(s) into the Trustee's account be paid to creditors in accordance with the Debtor(s)'s Chapter 13 Plan or schedules per the Trustee's normal disbursement procedures."[5]  At no time prior to its dismissal did Perez ever amend her Chapter 13 bankruptcy schedules to disclose the existence of her wrongful termination claims against Sears.[6]  Therefore, neither the trustee, Perez's creditors, or Judge Schmidt knew about Perez's claims against Sears at the time this bankruptcy case was dismissed.[7]

---

[1]    Perez Dep., Ex. A at 65.

[2]    Perez Dep., Ex. A at 34-35; Perez's Bankruptcy Petition of 11/29/01, Ex. B.

[3]    Perez Dep., Ex. A at 145-46; Perez's Original Complaint at ¶ 10.

[4]    Perez Dep., Ex. A at 151; Perez's EEOC Charge, Ex. C at 1.

[5]    Order Dismissing Perez's First Chapter 13 Bankruptcy Case, Ex. D; Perez Dep., Ex. A at 35.

[6]    Perez Dep., Ex. A at 191-92.  Chapter 13 permits amendments to add after-acquired assets. *See DeLeon*, 321 F.3d at 1291 ("Chapter 13 does allow amendments to be made to add after-acquired assets . . . .").

[7]    Perez Dep., Ex. A at 191-92.

2

On January 20, 2004, the EEOC issued Perez a notice of rights to sue, which permitted Perez to file suit against Sears within ninety days of her receipt of that notice.[8]  Based on that notice, Perez filed this lawsuit against Sears on April 15, 2004, alleging that Sears had wrongfully terminated her employment because of her sex and age, and also in retaliation for initiating eight workers' compensation claims during her employment with Sears.[9]

On May 3, 2004, Perez filed a second Chapter 13 bankruptcy case in the Southern District of Texas, Brownsville Division, under case number 04-10536.[10]  Perez did not list her wrongful termination claims against Sears on her bankruptcy schedules.[11]  Worse yet, Perez swore under penalty of perjury that she had not been a party to any lawsuit within the one year immediately preceding this bankruptcy filing.[12]  Perez swore that she had not been a party to a lawsuit within the prior year, even though she was a party to this lawsuit at the very moment she made the representation – and this suit had just been filed eighteen days earlier.[13]

On October 7, 2004, Judge Schmidt entered an order dismissing Perez's second Chapter 13 bankruptcy case, stating "[i]t is further ordered that all funds paid on behalf of the Debtor(s) into the Trustee's account be paid to creditors in accordance with the Debtor(s)'s Chapter 13 Plan or schedules per the Trustee's normal disbursement procedures."[14]  Again, neither the trustee, Perez's creditors, or Judge Schmidt knew about Perez's pending lawsuit against Sears at

---

[8]     EEOC's Notice of Right to Sue, Ex. C at 2.

[9]     Plaintiff's Original Complaint at ¶¶ 6-7; Perez Dep., Ex. A at 76-77.

[10]    Perez Dep., Ex. A at 36; Perez's Bankruptcy Petition of 05/03/04, Ex. E.

[11]    Perez Dep., Ex. A at 36; Perez's Bankruptcy Petition of 05/03/04, Ex. E.

[12]    Perez's Bankruptcy Petition of 05/03/04, Ex. E (*see* Statement of Financial Affairs at No. 4).

[13]    Plaintiff's Original Complaint.

[14]    Order Dismissing Perez's Second Chapter 13 Bankruptcy Case, Ex. F.

3

the time this bankruptcy case was dismissed. On October 14, 2004, Perez was deposed in this case.[15] On December 30, 2004, Judge Ewing Werlein, Jr. granted a summary judgment for Sears in a case very similar to this case on the basis of the judicial estoppel doctrine.[16]

## III.   ARGUMENT AND ANALYSIS

### A.   Summary Judgment Standard

Rule 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). A party seeking summary judgment bears the initial burden of informing the district court for the basis for the motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which the moving party believes demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986).

Once the movant carries this burden, the burden shifts to the nonmovant to show that summary judgment should not be granted. *See id.* at 2553-54. A party opposing a properly-supported motion for summary judgment may not rest upon mere allegations or denials of his pleading, but must set forth specific facts showing the existence of a genuine issue for trial. *See Anderson*, 106 S. Ct. at 2514-15. If the adverse party does not respond in this manner, summary judgment, if appropriate, "shall be entered against the adverse party." Fed.R.Civ.P. 56(e). To

---

[15]   Perez Dep., Ex. A.

[16]   *See Omokaro v. Sears, Roebuck & Co.*, No. H-03-3513 (S.D. Tex., Dec. 30, 2004), Ex. G.

avoid summary judgment, the nonmovant "must adduce admissible evidence which creates a fact issue concerning the existence of every essential component of that party's case." *Thomas v. Price*, 975 F.2d 231, 235 (5th Cir. 1992).

In considering a motion for summary judgment, the district court must view the evidence through a prism of the substantive evidentiary burden. *See Anderson*, 106 S. Ct. at 2513-14. All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). If the record, viewed in this light, could not lead a rational trier of fact to find for the nonmovant, summary judgment is proper. *See Kelley v. Price-Macemon, Inc.*, 992 F.2d 1408, 1413 (5th Cir. 1993) (citing *Matsushita*, 106 S. Ct. at 1351). On the other hand, if "the factfinder could reasonably find in [the non-movant's] favor, then summary judgment is improper." *Id.* (citing *Anderson*, 106 S. Ct. at 2511).

## B.     The Judicial Estoppel Doctrine Generally

The judicial estoppel doctrine prevents a party from asserting a position in a legal proceeding that is contrary to a position previously taken in the same or earlier proceedings. *See Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Bumi Negara*, 364 F.3d 274, 293-94 (5th Cir. 2004); *Hall v. GE Plastic Pac. PTE Ltd.*, 327 F.3d 391, 396 (5th Cir. 2003); *In re Coastal Plans, Inc.*, 179 F.3d at 205; *Brandon v. Interfirst Corp.*, 858 F.2d 266, 268 (5th Cir. 1988) (describing judicial estoppel as "a common law doctrine by which a party who has assumed one position in his pleadings may be estopped from assuming an inconsistent position"); *see also Ahrens v. Perot Sys. Corp.*, 205 F.3d 831, 833 (5th Cir. 2000); *Ergo Science, Inc. v. Martin*, 73 F.3d 595, 598-600 (5th Cir. 1996). "The policies underlying the doctrine include preventing internal inconsistency, precluding litigants from 'playing fast and loose' with

5

the courts, and prohibiting parties from deliberately changing positions according to the exigencies of the moment." *Karaha Bodas Co., L.L.C.*, 364 F.3d at 294; *United States v. McCaskey*, 9 F.3d 368, 378 (5th Cir. 1993).

The Fifth Circuit has identified two limitations on judicial estoppel:  (1) the position of the party to be estopped must be clearly inconsistent with its prior position; and (2) the court must have accepted that prior position. *See Karaha Bodas Co., L.L.C.*, 364 F.3d at 294; *Hall*, 327 F.3d at 396; *Ahrens*, 205 F.3d at 833; *In re Coastal Plains*, 179 F.3d at 206.  Judicial acceptance requires that the court adopted the position previously urged by a party, whether as a preliminary matter or as part of a final disposition. *See Karaha Bodas Co., L.L.C.*, 364 F.3d at 293-94; *Coastal Plains*, 179 F.3d at 206.  Reliance or prejudice to the defendant is not an element of judicial estoppel.  Rather, the doctrine is designed to protect the integrity of the judicial system.  As the Fifth Circuit held in *In re Coastal Plains*:

> Finally, plaintiffs maintain that judicial estoppel would be inequitable because Browning also took inconsistent positions on issues related to its defense (regarding ownership of the claims and whether they were foreclosed on by Westinghouse). We disagree.  Again, the purpose of judicial estoppel is to protect the integrity of courts, not to punish adversaries or to protect litigants.

179 F.3d at 213.

### C.    The Judicial Estoppel Doctrine As Applied To The Specific Factual Context Of This Case

As mentioned, the requirements of judicial estoppel are:  (1) the position of the party to be estopped must clearly inconsistent with its prior position; and (2) the court must have accepted that prior position. *See Karaha Bodas Co., L.L.C.*, 364 F.3d at 294; *Hill*, 327 F.3d at 396; *Ahrens*, 205 F.3d at 833; *Coastal Plains*, 179 F.3d at 206.  The Fifth Circuit has found both requirements satisfied as a matter of law in a case involving the same operative factual situation as this case. *See In re Coastal Plains*, 179 F.3d at 213.  Specifically, in *In re Coastal Plains*, the

6

Fifth Circuit held that both elements are fulfilled as a matter of law when – as in this case – a plaintiff fails to list an existing or contingent claim on their bankruptcy schedules. *Id.; see also In re Superior Crewboats, Inc.*, 374 F.3d 330, 335 (5th Cir. 2004) (same). Other courts also agree with this holding. *See In re Coastal Plains*, 179 F.3d at 208-09 & fn. 7 (collecting cases); *DeLeon*, 321 F.3d at 1290 (holding that the judicial estoppel doctrine barred plaintiff from pursuing discrimination and retaliation claims that he failed to list on his bankruptcy schedules); *Burnes*, 291 F.3d at 1287 (same). The underlying rationale for this rule is that a debtor has a *continuing* duty to disclose all claims in their bankruptcy case, and, if they fail to do so, they cannot later assert such claims. *See In re Superior Crewboats, Inc.*, 374 F.3d at 335; *Coastal Plains*, 179 F.3d at 207-08. In other words, the judicial estoppel doctrine prevents a litigant like Perez from having "their cake and eat[ing] it too." *In re Superior Crewboats, Inc.*, 374 F.3d at 333.

The only exceptions are if the plaintiff either lacked knowledge of the undisclosed claims or had no motive to conceal the claims in her bankruptcy case. *See In re Coastal Plains*, 179 F.3d at 210; *DeLeon*, 321 F.3d at 1291. Neither exception applies here. Perez obviously knew of her claims against Sears when she filed her second bankruptcy case on May 3, 2004, because this suit against Sears was pending at the very moment she filed that bankruptcy.[17] And, Perez clearly had a motive to conceal her claims against Sears - namely, to hide the asset from her creditors so that she alone could profit from the suit. *See In re Superior Crewboats, Inc.*, 374

---

[17] Perez also had a duty to amend her first bankruptcy case to add her claims against Sears after she filed her EEOC charge in March 2003. *See DeLeon*, 321 F.3d at 1291 (Applying judicial estoppel and stating that "[w]hile Chapter 13 does allow amendments to be made to add after-acquired assets and Chapter 7 does not, DeLeon did not make such an amendment even after he filed suit."); *See In re Superior Crewboats, Inc.*, 374 F.3d at 335; *Coastal Plains*, 179 F.3d at 207-08. Perez failed to fulfill her duty to amend her first bankruptcy case to add her claims against Sears. This failure alone justifies the application of judicial estoppel. *See DeLeon*, 321 F.3d at 1291; *In re Superior Crewboats, Inc.*, 374 F.3d at 335; *Coastal Plains*, 179 F.3d at 207-08. The fact that Perez then filed a second bankruptcy case and failed to list her pending suit against Sears is thus a separate additional basis for applying judicial estoppel.

7

F.3d at 335 (holding that the judicial estoppel doctrine barred plaintiffs from pursuing claims they failed to disclose in an earlier bankruptcy); *In re Coastal Plains*, 179 F.3d at 212-13 (same); *DeLeon*, 321 F.3d at 1291 (same).

Applying the judicial estoppel doctrine is particularly appropriate here because Perez filed bankruptcy not once, but twice, and failed to disclose her claims against Sears both times. Moreover, in her second bankruptcy Perez swore under penalty of perjury that she had not been a party to any suit in the prior year, even though she had filed this very suit just eighteen days earlier.[18] To allow Perez to proceed with claims that she twice failed to reveal in her bankruptcy proceedings would demean the integrity of the judicial system and encourage debtors to hide assets. The judicial estoppel doctrine is designed precisely to prevent that. *See In re Superior Crewboats, Inc.*, 374 F.3d at 335; *In re Coastal Plains*, 179 F.3d at 205-13. In reciting the reasons for imposing judicial estoppel on facts like the case at bar the Fifth Circuit held:

> Needless to say, judicial estoppel is intended to prevent just such a process. As the First Circuit aptly stated in *Payless*:
>
> The basic principle of bankruptcy is to obtain a discharge from one's creditors in return for all one's assets, except those exempt, as a result of which creditors release their own claims and the bankrupt can start fresh. Assuming there is validity in [debtor's] present suit, it has a better plan. Conceal your claims; get rid of your creditors on the cheap, and start over with a bundle of rights. This is a palpable fraud that the court will not tolerate, even passively. [Debtor], having obtained judicial relief on the representation that no claims existed, can not now resurrect them and obtain relief on the opposite basis.

*In re Coastal Plains*, 179 F.3d at 213 (*citing Payless Wholesale Distributors, Inc. v. Alberto Culver (P.R.) Inc.*, 989 F.2d 570, 571 (1st Cir. 1993). *See also In re Superior Crewboats, Inc.*, 374 F.3d at 333 ("judicial estoppel is designed to prevent such guile . . . .").

---

[18]    Perez's Bankruptcy Petition of 05/03/04, Ex. E (*see* Statement of Financial Affairs at No. 4); Plaintiff's Original Complaint.

## IV.    CONCLUSION

As the Fifth Circuit observed in *In re Coastal Plains*, "[c]ourts in numerous cases have precluded debtors or former debtors from pursuing claims about which the debtors had knowledge, but did not disclose, during the debtor's bankruptcy proceedings." 179 F.3d at 208-09 (citations omitted).  This case falls squarely into *In re Coastal Plains* and the many cases like it.  *See id.* at 208-09 & fn. 7; *See also In re Superior Crewboats, Inc.*, 374 F.3d at 335; *DeLeon*, 321 F.3d at 1291; *Omokaro v. Sears, Roebuck & Co.*, No. H-03-3513 (S.D. Tex., Dec. 30, 2004).[19]  Accordingly, Sears respectfully prays that the Court grant its motion for summary judgment, order that Plaintiff Amalia Perez take nothing by way of this suit, and for all other relief to which it is justly entitled.

Respectfully submitted,

SEYFARTH SHAW LLP

By:_____

Mark J. Oberti
Texas Bar No. 00789951
Southern District ID. No. 17918
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Telephone (713) 225-2300
Facsimile (713) 225-2340

ATTORNEY-IN-CHARGE FOR DEFENDANT

OF COUNSEL

SEYFARTH SHAW LLP
700 Louisiana Street, Suite 3700
Houston, Texas 77002-2731
Telephone (713) 225-2300
Facsimile (713) 225-2340

ATTORNEYS FOR DEFENDANT

---

[19]      Ex. G.

9

HO1 13054062.2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument was served to all counsel of record, as listed below, via certified mail, return receipt requested, and placed into an official depository of the United States Postal Service, on this the 5th day of January 2005.

Richard E. Zayas
3100 E. 14th St.
Brownsville, Texas 78521



Mark J. Oberti

HO1 13054062.2