
United States Courts
Southern District of Texas
ENTERED

DEC 30 2004

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JASPER OMOKARO, §
§
Plaintiff, §
§
v. § CIVIL ACTION NO. H-03-3513
§
SEARS, ROEBUCK & CO. §
§
Defendant. §

## MEMORANDUM AND ORDER

Pending is Defendant Sears, Roebuck & Co.'s Motion for Summary Judgment (Document No. 11). After carefully considering the motion, response, reply, and the applicable law, the Court concludes that the motion should be granted.

## I. Background

This is a race discrimination case. Defendant Sears, Roebuck & Co. ("Sears") employed Plaintiff Jasper Omokaro ("Omokaro"), who is black, from 1987 until his termination on or about January 28, 2002. On September 2, 2003, Omokaro brought the instant action, alleging that Sears (and its agents/employees) had "willfully discriminated against [him] by paying him less than similarly situated non African-Americans, failing to promote him and terminating him on the basis of race in violation of [Title 42 United States Code] Section 1981." Document No. 1 ¶ 9.



G

Several months later, Omokaro filed a voluntary Chapter 7 bankruptcy petition (the "Bankruptcy Petition") in the United States Bankruptcy Court for the Southern District of Texas. *See* Document No. 11 ex. A. The Bankruptcy Petition, signed under penalty of perjury by Omokaro, omits his section 1981 claim from that portion of the personal property schedule that requires the debtor to set forth "contingent and unliquidated claims of every nature. . . ." *See* id. Indeed, Omokaro answered that portion of the property schedule with the response, "None." *See* id. Likewise, in the portion of the Petition requiring the debtor to "[l]ist all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the commencement of this case," Omokaro answered, "None." On March 18, 2004, United States Bankruptcy Judge Karen K. Brown released Omokaro from all dischargeable debts and closed his bankruptcy case. *See* Order at Document No. 11 ex. B. As a result, Omokaro received a discharge of some $20,000 in unsecured debt, including approximately $8,000 owed to Sears or its affiliates for credit card purchases.

Sears argues that it is entitled to summary judgment, because "Omokaro's failure to list this suit on his schedule of property bars him from pursuing it now, under the doctrine of judicial estoppel." Document No. 11, at 1. Omokaro opposes the motion,

arguing that judicial estoppel does not apply and that Sears is acting with unclean hands.[1]

## II. Summary Judgment Standard of Review

Rule 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party must "demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2553 (1986).

---

[1] Omokaro also contends that Sears cannot raise judicial estoppel because Sears did not originally plead that affirmative defense. *See, e.g.*, United States v. McCaskey, 9 F.3d 368, 378 (5th Cir. 1993) ("In the civil context, we have strictly required litigants to raise judicial estoppel according to the pleading requirements governing affirmative defenses under Federal Rule of Civil Procedure 8(c)."). However, "[w]here the matter is raised in the trial court in a manner that does not result in unfair surprise . . . technical failure to comply precisely with Rule 8(c) is not fatal." Allied Chem. Corp. v. Mackay, 695 F.2d 854, 855-56 (5th Cir. 1983). "Thus, a defendant does not waive an affirmative defense if he 'raised the issue at a pragmatically sufficient time, and [the plaintiff] was not prejudiced in its ability to respond.'" Giles v. Gen. Elec. Co., 245 F.3d 474, 492 (5th Cir. 2001) (quoting Allied Chem. Corp., 695 F.2d at 856). Here, although Sears did receive notice of Omokaro's bankruptcy proceedings, the attorneys working on the instant action did not learn of Omokaro's non-disclosure until March, 2004. *See* Document No. 14, at 2. Omokaro was not prejudiced in responding to Sears's subsequent assertion of judicial estoppel, and nearly six months ago Sears with leave of Court amended its answer to plead judicial estoppel. *See* Document No. 16, No. 17, at 3.

Once the movant carries this burden, the burden shifts to the nonmovant to show that summary judgment should not be granted. *See* id. at 2553-54. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists will not suffice. *See* Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998) (citing Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2514-15 (1986)). "[T]he nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." Id.

In considering a motion for summary judgment, the district court must view the evidence through the prism of the substantive evidentiary burden. *See* Anderson, 106 S. Ct. at 2513-14. All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *See* Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986). "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper. Kelley v. Price Macemon, Inc., 992 F.2d 1408, 1413 (5th Cir. 1993) (citing Matsushita, 106 S. Ct. at 1351). On the other hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper." Id. (citing Anderson, 106 S. Ct. at 2511). Even if the standards of Rule 56 are met, a court has discretion to deny a motion for

summary judgment if it believes that "the better course would be to proceed to a full trial." Anderson, 106 S. Ct. at 2513.

## III. Discussion

### A. Judicial Estoppel

"Judicial estoppel is 'a common law doctrine by which a party who has assumed one position in his pleadings may be estopped from assuming an inconsistent position.'" In re Coastal Plains, Inc., 179 F.3d 197, 205 (5th Cir. 1999) (quoting Brandon v. Interfirst Corp., 858 F.2d 266, 268 (5th Cir. 1988)). When a party has failed to disclose a pending or potential lawsuit during bankruptcy proceedings, the Fifth Circuit has determined that: "(1) the party is judicially estopped only if its position is clearly inconsistent with the previous one; (2) the court must have accepted the previous position; and (3) the non-disclosure must not have been inadvertent." In re Superior Crewboats, Inc., 374 F.3d 330, 335 (5th Cir. 2004).

As to inconsistency, "'[i]t goes without saying that the Bankruptcy Code and Rules impose upon bankruptcy debtors an express, affirmative duty to disclose all assets, *including contingent and unliquidated claims*.'" Id. (quoting In re Coastal Plains, 179 F.3d at 207-08) (emphasis in original). This duty to disclose is continuous. Id. The uncontroverted summary judgment evidence is that Omokaro omitted any mention of his discrimination

claim or lawsuit in the Bankruptcy Petition and did not otherwise notify the bankruptcy court of his claim during the pendency of the bankruptcy proceeding. *See* Document No. 11 ex. A; ex. C, at 221-27; Document No. 12, at 2. These omissions are wholly inconsistent with Omokaro's prosecution of the instant case in this Court. The Fifth Circuit in Superior Crewboats considered a similar case in which the debtors' lawsuit was not timely disclosed and later, after the bankruptcy trustee had filed a petition of disclaimer and abandoned the lawsuit--and after the bankruptcy court had granted a "no asset" discharge--the debtors continued to pursue the personal injury claim. *See* Superior Crewboats, 374 F.3d at 333. The Fifth Circuit held that such conduct satisfied the inconsistency requirement for judicial estoppel:

> "[T]he [debtors'] omission of the personal injury claim from their mandatory bankruptcy filings is tantamount to a representation that no such claim existed. Now, however, the [debtors] contend, before the state court and in the limitation proceeding, that the personal injury claim is viable and worth $2.5 million. Such blatant inconsistency readily satisfies the first prong of the judicial estoppel inquiry.

Id. at 335 (citations omitted). Likewise, Omokaro's failure to list his discrimination claim and/or lawsuit in the Bankruptcy Petition, or otherwise to notify the bankruptcy court of their existence prior to his discharge, blatantly conflicts with Omokaro's present representation that he has a viable discrimination claim for damages under 42 U.S.C. § 1981.

The second prong of the judicial estoppel inquiry "does not require a formal judgment; rather, it only requires 'that the first court has adopted the position urged by the party, either as a preliminary matter or as part of a final disposition.'" Superior Crewboats, 374 F.3d at 335 (quoting Coastal Plains, 179 F.3d at 206; Reynolds v. Comm'r of Internal Revenue, 861 F.2d 469, 473 (6th Cir. 1988)). In the instant case, the bankruptcy court relied on the Bankruptcy Petition when it granted Omokaro a discharge and thereby accepted Omokaro's representation as to the nonexistence of a discrimination claim or lawsuit. *See* Document No. 11 ex. B. *Cf.* Superior Crewboats, 374 F.3d at 335 ("Here, the bankruptcy trustee formally abandoned the [personal injury] claim, and the bankruptcy court issued a 'no asset' discharge, thereby adopting the [debtors'] position. . . ."). Omokaro argues that the second prong is not satisfied, because he "did not attempt to convince the bankruptcy court to discharge his debts based on any *intentional* misrepresentation." Document No. 12, at 7 (emphasis added). This argument, however, implicates the third prong of the judicial estoppel inquiry rather than the second. *See, e.g.*, Coastal Plains, 179 F.3d at 210 (analyzing issue of judicial acceptance separately from plaintiffs' argument that judicial estoppel was inapplicable because their nondisclosure "was unintentional and inadvertent").

Turning to the third prong, in bankruptcy cases "the debtor's failure to satisfy [his] statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims *or* has no motive for their concealment." Id. at 210. The uncontroverted summary judgment evidence is that Omokaro knew of his discrimination lawsuit months before filing for bankruptcy and then failed to disclose it to the bankruptcy court. *See* Document No. 11 ex. C, at 221-25; No. 12 ex. 2. Both Omokaro and attorney David Chan ("Chan"), who assisted Omokaro in his bankruptcy case, aver that the nondisclosure was inadvertent. *See* Document No. 12 exs. 2-3. Indeed, Omokaro suggested in his deposition that he did not include the discrimination lawsuit in the Bankruptcy Petition's schedule of assets because he "didn't know if it was going to be an asset or not." Document No. 11 ex. C, at 223. Omokaro states that shortly after the deposition, he contacted Chan for purposes of notifying the bankruptcy trustee about the discrimination claim. *See* Document No. 12 ex. 2. Approximately two weeks after Omokaro gave his deposition Chan sent a letter to the bankruptcy trustee informing him that "a wrongful employment termination claim was inadvertently omitted from Schedule B by error." Id. ex. 3A. After Chan mailed this letter, however, the bankruptcy trustee filed a motion to reopen the bankruptcy proceedings, stating that *Sears* had advised him of Omokaro's suit and that "potential issues of intentional

nondisclosure by the Debtor" were involved. *See* Document No. 11 ex. D, at 1-3.

Omokaro argues that he had no motive to conceal his discrimination claim, and asserts that any suggestion he was hiding the claim from creditors "is ludicrous." Document No. 12, at 7-8. He points to his affidavit:

> I had no intention of trying to mislead the bankruptcy court, trustee, or creditors. I simply made a mistake and then attempted to rectify it once I realized the mistake by seeking to address the matter with the trustee which I knew would ultimately result in the re-opening of the bankruptcy proceeding and identifying the race discrimination claim/lawsuit.

Document No. 12 ex. 2. Omokaro confuses motive with bad faith. "[T]he Fifth Circuit does not require bad faith or intentional non-disclosure *in bankruptcy cases.*" In re West Delta Oil Co., No. CIV.A. 01-1163, et. al, 2002 WL 1963317, at *5 (E.D. La. Aug. 21, 2002), *aff'd*, 66 Fed. Appx. 524 (5th Cir. 2003) (unpublished) (per curiam) (adopting and incorporating district court opinion). *See also* Kamont v. West, 83 Fed. Appx. 1, 3 (5th Cir. 2003) (unpublished) (per curiam) ("A lack of awareness of the statutory disclosure duty is simply not relevant to the question of judicial estoppel."); Coastal Plains, 179 F.3d at 212 (lack of awareness of statutory disclosure duty for legal claims is not relevant to inadvertence inquiry), *citing* Chandler v. Samford Univ., 35 F. Supp. 2d 861, 865 (N.D. Ala. 1999) (debtor's contention that she

would have disclosed discrimination claim as an asset if her attorneys had instructed her to do so did not excuse failure to comply with full disclosure requirement, and would not preclude judicial estoppel).

Regardless of Omokaro's claim that his nondisclosure was unintentional, the summary judgment evidence reveals an objectively discernible motive for nondisclosure of Omokaro's discrimination claim during his bankruptcy proceedings, namely, shielding from creditors any damages recovered by Omokaro in the discrimination case. *See* Superior Crewboats, 374 F.3d at 336 ("[Debtors] had the requisite motivation to conceal the claim as they would certainly reap a windfall had they been able to recover on the undisclosed claim without having disclosed it to the creditors."); De Leon v. Comcar Indus., 321 F.3d 1289, 1291 (11th Cir. 2003) (per curiam) ("[A] financial motive to secret assets exists under Chapter 13 *as well as under chapter* 7 because the hiding of assets affects the amount to be discounted and repaid.") (emphasis added); Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1288 (11th Cir. 2002) (finding it unlikely that debtor would have received conversion of his chapter 13 case to chapter 7 with a no asset complete discharge if creditors, bankruptcy trustee, or bankruptcy court had known of debtor's lawsuit claiming millions in damages); Chandler, 35 F. Supp. 2d at 865 (debtor had an "obvious motive" for concealing her claims where nondisclosure may have prompted bankruptcy court to

proceed as if her case was a "no asset case," and may have influenced parties in interest not to raise objections to administration of her bankruptcy estate). Although Omokaro points to his belated notification to the bankruptcy trustee, "[a]llowing [the debtor] to back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if he is caught concealing them." De Leon, 321 F.3d at 1290 (quoting Burnes, 291 F.3d at 1288).

Sears is therefore entitled to summary judgment that judicial estoppel bars Omokaro's discrimination claim.

B. Unclean Hands

Even if judicial estoppel applies, Omokaro contends, Sears itself should be estopped from raising it. Omokaro argues that because Sears received notice of his bankruptcy proceedings while the instant lawsuit was pending--but nevertheless consented to discharge of his debts without objection--it cannot now fairly assert judicial estoppel due to Omokaro's nondisclosure of the lawsuit. The Fifth Circuit, however, rejected this kind of argument in Coastal Plains:

> "*Browning's knowledge of the claims*, or its non-reliance on the nondisclosure, even if supported by the record, are irrelevant. As discussed *supra*, unlike the well-known reliance element for other forms of estoppel, such as equitable estoppel, detrimental reliance by the party seeking *judicial estoppel* is *not* required. Again, the

> purposes of *judicial estoppel* is *not* to protect the litigants; it is to protect the integrity of the judicial system.
>
> . . .
>
> Finally, plaintiffs maintain that judicial estoppel would be inequitable because Browning also took inconsistent positions on issues related to its defense (regarding ownership of the claims and whether they were foreclosed on by Westinghouse). We disagree. Again, the purpose of judicial estoppel is to protect the integrity of courts, not to punish adversaries or to protect litigants.

Coastal Plains, 179 F.3d at 210, 213 (emphasis in original). Omokaro's unclean hands argument is therefore without merit.

## IV. Order

For the reasons set forth, it is hereby

ORDERED that Defendants Sears, Roebuck & Co.'s Motion for Summary Judgment (Document No. 11) is GRANTED, and Plaintiff Jasper Omokaro's claims are DISMISSED with prejudice.

The Court will enter this Order and send a copy to all counsel of record.

SIGNED at Houston, Texas, this 30th day of December, 2004.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

United States Courts
Southern District of Texas
ENTERED

DEC 30 2004

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JASPER OMOKARO, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-03-3513 |
| | § | |
| SEARS, ROEBUCK & CO. | § | |
| | § | |
| Defendant. | § | |

**FINAL JUDGMENT**

For reasons separately stated in the Memorandum and Order signed by the Court this day, it is

ORDERED and ADJUDGED that Defendant Sears, Roebuck & Co.'s Motion for Summary Judgment (Document No. 11) is GRANTED and Plaintiff Jasper Omokaro's claims are DISMISSED with prejudice.

This is a **FINAL JUDGMENT**.

The Clerk will enter this Order and send copies to all counsel of record.

SIGNED at Houston, Texas on this 30th day of December, 2004.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE