United States District Court
Southern District of Texas
FILED

JAN 1 1 2005

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| AMALIA PEREZ | § | |
| Plaintiff, | § § § | |
| V. | § | CASE NO. B-04-068 |
| SEARS, ROEBUCK AND CO. | § § § | |
| Defendant. | § § | |

### DEFENDANT'S FIRST AMENDED ANSWER

COMES NOW, Defendant Sears, Roebuck and Co. ("Defendant"), and files this its first amended answer in response to Plaintiff's Original Complaint ("Plaintiff's Complaint"), showing in support as follows:

1.  In regards to the first sentence of paragraph 1 of Plaintiff's Complaint, Defendant is without sufficient information to admit or deny Plaintiff's current address, and therefore denies the same.

2.  Defendant admits the allegations of paragraph 2 of Plaintiff's Complaint

3.  Defendant admits that this court has subject matter jurisdiction under Title VII and the Age Discrimination in Employment Act ("ADEA") and otherwise denies the allegations of paragraph 3 of Plaintiff's Complaint.

4.  Defendant admits that there is personal jurisdiction over it in this case, and otherwise denies the allegations of paragraph 4 of Plaintiff's Complaint.

5.  Defendant admits that this court has venue over this case, and otherwise denies the allegations of paragraph 5 of Plaintiff's Complaint.



HO1 13047051.2

6. Defendant admits that Plaintiff brings this lawsuit under Title VII, and the Age Discrimination of Employment Act ("ADEA"), and otherwise denies the allegations of paragraph 6 of Plaintiff's Complaint.

7. Defendant admits that Plaintiff also brings this suit under Chapter 451 of the Texas Labor Code, and otherwise denies the allegations of paragraph 7 of Plaintiff's Complaint.

8. Defendant admits the allegations of paragraph 8 of Plaintiff's Complaint, with the exception that it denies that "[a]ll conditions precedent to the institution of this lawsuit have been fulfilled."

9. Defendant admits the allegations of the first sentence of paragraph 9 of Plaintiff's Complaint. Defendant admits the allegations of the sixth sentence of paragraph 9 of Plaintiff's Complaint. Defendant is without sufficient information to admit or deny Plaintiff's the remaining allegations of said paragraph, and therefore denies the same.

10. Defendant admits the allegations of the first sentence of paragraph 10 of Plaintiff's Complaint. Defendant denies the remaining allegations of paragraph 10 of Plaintiff's Complaint.

11. Defendant denies that it used any "excuse" to terminate Plaintiff's employment, and, thus, denies the allegations of the first sentence of paragraph 11 of Plaintiff's Complaint in the manner in which they are worded. Defendant denies the allegations of the second sentence of paragraph 11 of Plaintiff's Complaint in the manner in which they are worded, because it is in fact not true that "a 32 year old male Auto Technician committed the same or similar alleged violations to the same degree of severity as the Plaintiff, but was not discharged." Defendant admits that the Equal Employment Opportunity Commission issued a probable cause

Determination dated November 21, 2003, and otherwise denies the allegations of the third sentence of paragraph 11 of Plaintiff's Complaint.

12. Defendant denies the allegations of paragraph 12 of Plaintiff's Complaint.

13. Defendant denies the allegations of paragraph 13 of Plaintiff's Complaint.

14. Defendant denies the allegations of paragraph 14 of Plaintiff's Complaint.

15. Defendant denies the allegations of paragraph 15 of Plaintiff's Complaint.

16. Defendant denies the allegations of paragraph 16 of Plaintiff's Complaint.

17. Defendant denies the allegations of paragraph 17 of Plaintiff's Complaint.

18. Defendant denies the allegations of paragraph 18 of Plaintiff's Complaint.

19. Defendant denies the allegations of paragraph 19 of Plaintiff's Complaint.

20. Defendant denies the allegations of paragraph 20, subparagraph A, page 5 of Plaintiff's Complaint, and denies that Plaintiff is entitled to any relief whatsoever.

B. Defendant denies the allegations of paragraph 20, subparagraph B, page 5 of Plaintiff's Complaint, and denies that Plaintiff is entitled to any relief whatsoever.

C. Defendant denies the allegations of paragraph 20, subparagraph C, page 5 of Plaintiff's Complaint, and denies that Plaintiff is entitled to any relief whatsoever.

D. Defendant denies the allegations of paragraph 20, subparagraph D, page 5 of Plaintiff's Complaint, and denies that Plaintiff is entitled to any relief whatsoever.

E. Defendant denies the allegations of paragraph 20, subparagraph E, page 6 of Plaintiff's Complaint, and denies that Plaintiff is entitled to any relief whatsoever.

F. Defendant denies the allegations of paragraph 20, subparagraph F, page 6 of Plaintiff's Complaint, and denies that Plaintiff is entitled to any relief whatsoever.

HO1 13047051.2

G. Defendant denies the allegations of paragraph 20, subparagraph G, page 6 of Plaintiff's Complaint, and denies that Plaintiff is entitled to any relief whatsoever.

H. Defendant denies the allegations of paragraph 20, subparagraph H, page 6 of Plaintiff's Complaint, and denies that Plaintiff is entitled to any relief whatsoever.

I. Defendant denies the allegations of paragraph 20, subparagraph I, page 6 of Plaintiff's Complaint, and denies that Plaintiff is entitled to any relief whatsoever.

J. Defendant denies the allegations of paragraph 20, subparagraph J, page 6 of Plaintiff's Complaint, and denies that Plaintiff is entitled to any relief whatsoever.

K. Defendant denies the allegations of paragraph 20, subparagraph K, page 6 of Plaintiff's Complaint, and denies that Plaintiff is entitled to any relief whatsoever.

L. Defendant denies the allegations of paragraph 20, subparagraph L, page 6 of Plaintiff's Complaint, and denies that Plaintiff is entitled to any relief whatsoever.

M. Defendant denies the allegations of paragraph 20, subparagraph M, page 6 of Plaintiff's Complaint, and denies that Plaintiff is entitled to any relief whatsoever.

21. Defendant denies the allegations of paragraph 21 of Plaintiff's Complaint, and denies that Plaintiff is entitled to any relief whatsoever.

22. Defendant denies the allegations of paragraph 22, subparagraph A of Plaintiff's Complaint, and denies that Plaintiff is entitled to any relief whatsoever.

B. Defendant denies the allegations of paragraph 22, subparagraph B of Plaintiff's Complaint, and denies that Plaintiff is entitled to any relief whatsoever.

Defendant denies that Plaintiff is entitled to any of the relief sought in her Prayer or any other relief.

**AFFIRMATIVE DEFENSES**

1. Plaintiff has failed to mitigate her alleged damages.

2. Plaintiff has failed to satisfy all conditions precedent to suit.

3. Plaintiff has failed to exhaust all required administrative remedies.

4. Defendant cannot be held liable for punitive or exemplary damages because, among other reasons, any alleged discrimination (which is expressly denied) would have been contrary to Defendant's good faith efforts to comply with Title VII, the ADA, Chapter 451 of the Texas Labor Code, and other applicable employment discrimination laws. *See Kolstad v. American Dental Ass'n*, 119 S. Ct. 2118 (1999).

5. Defendant invokes the applicable damages caps from Title VII and Chapter 41 of the Texas Civil Practices and Remedies Code, as well as all other limitations (constitutional, statutory, or common law) on awards of compensatory and/or punitive damages.

6. Plaintiff's claims are barred by the doctrine of judicial estoppel.

7. Plaintiff lacks standing to pursue the claims she has asserted.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing by this action, that it recover its costs, and that it be granted such other and further relief to which it may show itself to be justly entitled.

Respectfully submitted,

SEYFARTH SHAW LLP

By: _____
Mark J. Oberti
State Bar No. 00789951
S.D. Texas I.D. No. 17918
700 Louisiana Street, Suite 3700
Houston, Texas 77002
(713) 225-2300 – Telephone
(713) 225-2340 – Facsimile

ATTORNEY-IN-CHARGE FOR DEFENDANT
SEARS, ROEBUCK AND CO.

OF COUNSEL:

HO1 13047051.2

SEYFARTH SHAW LLP
700 Louisiana Street, Suite 3700
Houston, Texas 77002
(713) 225-2300 – Telephone
(713) 225-2340 – Facsimile

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document was served upon the counsel of record listed below by certified mail, return receipt requested, on the 5th day of January, 2005.

Richard E. Zayas
3100 E. 14th St.
Brownsville, Texas 78521



_____
Mark J. Oberti

HO1 13047051.2