United States District Court
Southern District of Texas
FILED

JAN 3 1 2005

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| AMALIA PEREZ | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-04-068 |
| | § | |
| | § | JURY |
| SEARS, ROEBUCK AND COMPANY | § | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, AMALIA PEREZ, and files her Response to Defendant's Motion

for Summary Judgment and in support thereof would show unto the Court the following:

I.     SUMMARY OF DEFENDANT'S ARGUMENT

Defendant's summary judgment is purely based on the doctrine of judicial estoppel.

Defendant argues that since Plaintiff filed for a Chapter 13 Bankruptcy and failed to list this

lawsuit in her bankruptcy schedule, then she should be estopped from bringing this lawsuit

pursuant to the doctrine of judicial estoppel.

II     SUMMARY OF PLAINTIFF'S ARGUMENT

Plaintiff argues that in order for the doctrine of judicial estoppel to apply, the Defendant must

prove the three requirements: (1) the party is judicially estopped only if its position is clearly

inconsistent with the previous one; (2) the Court must have accepted the previous position; and (3)

the non-disclosure must not have been inadvertent. *In Re Superior Crewboats, Inc.*, 374 F.3d 330,

331 (5th Cir. 2004). Assuming that by not disclosing this lawsuit in a subsequent bankruptcy petition

it is an inconsistent position with the wrongful termination claim made in this lawsuit; Plaintiff argues that Defendant has failed to present any evidence whatsoever that the Court accepted the previous position or that the non-disclosures were not inadvertent. Therefore, Defendant has failed to meet the second and third prong set out in *Superior Crewboats*.

Furthermore, Plaintiff argues that the cases cited by Defendant were either Chapter 11 or 13 Bankruptcy cases converted to Chapter 7 where the parties in each case were trying to discharge their debts but maintain their lawsuit wherein they would receive money after their debts had been discharged and therefore receive an unfair advantage using the bankruptcy Court system. "Generally, judicial estoppel is invoked where 'intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice'." *Id* at 332 quoting *Scarano v. Central R.R. Co.*, 203 F.2d 510, 513 (3d Cir. 1953). In our case we have a Plaintiff who has left out the claim inadvertently and who has not sought to gain any unfair advantage over the Defendants or her creditors because she did not attempt to discharge any debt.

III.    SUMMARY JUDGMENT STANDARD

In considering a motion for summary judgment, the District Court must view the evidence with all justifiable inferences to be draw from the underlying facts that must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed. 2d 538 (1986).

IV    ARGUMENT AND AUTHORITIES

A.    As previously mentioned, in order for the doctrine of judicial estoppel to apply, the Defendant must prove the three requirements: (1) the party is judicially estopped only if its position is clearly inconsistent with the previous one; (2) the Court must have accepted the previous position;

and (3) the non-disclosure must not have been inadvertent. *In Re Superior Crewboats, Inc.*, 374 F.3d 330, 331 (5th Cir. 2004).

Defendant in its motion for summary judgment totally fails to present any evidence to satisfy the second prong outlined above. Defendant totally fails to present any facts or evidence in its Motion for Summary Judgment of how the Bankruptcy Court accepted Plaintiff's alleged inconsistent position that no claim existed against Sears for wrongful termination. As a matter of fact the only evidence presented on this issue goes against the Defendant. Attached to Defendant's Motion for Summary Judgment Exhibit D and F are orders Dismissing Plaintiff's Chapter 13 Cases. This is direct evidence that the Bankruptcy Court did **not** accept Plaintiff's alleged inconsistent position. Since the Defendant cannot satisfy the second prong outlined in *Superior Crewboats,* this alone should be grounds to deny Defendant's Motion for Summary Judgment.

Furthermore, the Defendant fails to present any evidence that Plaintiff's non-disclosure was not inadvertent. "The debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." *Id.* at 333 citing *Coastal Plains*, 179 F.3d at 210. The Defendant could attempt to prove that Plaintiff's non-disclosure "must not have been inadvertent" by presenting evidence of Plaintiff's motive for not disclosing the present lawsuit; Defendant has presented no evidence to prove any such motive on the part of the Plaintiff.

In fact, the Plaintiff left out the present lawsuit in her Bankruptcy petition to no fault of her own. In her attached affidavit, Plaintiff states that she sought the legal services of William Csabi to represent her in filing a Chapter 13 reorganization plan. She states that she told Mr. Csabi about her lawsuit against Sears prior to the Chapter 13 petition being filed. Plaintiff goes on to state that she

knew nothing of how the Bankruptcy proceedings were run, that she totally relied on the expertise of Mr. Csabi, that she was not aware of what documents were filed along with the Bankruptcy petition, that she was merely brought in to Mr. Csabi's office after the initial consultation and that one of his secretaries had the petition and merely asked Plaintiff to sign in several places throughout the document without explaining the document or without furnishing her a copy of said document. Furthermore, Plaintiff states in her affidavit that she did not have any motive to not disclose the present lawsuit her in Chapter 13 Bankruptcy and she is unaware of why Mr. Csabi would not have listed said lawsuit.  (Please see attached Affidavit of Amalia Perez)

In viewing the evidence with all justifiable inferences to be draw from the underlying facts in the light most favorable to the party opposing the motion (Plaintiff herein), the Court should find that Plaintiff's failure to disclose this lawsuit in her Bankruptcy petition was inadvertent.  Since the Plaintiff did not have a motive to not disclose the present lawsuit in her Bankruptcy proceeding and with the facts presented in her affidavit, it is clear that her failure to disclose was inadvertent and Defendant cannot prove the third prong required in *Superior Crewboats*; this alone should be grounds to deny Defendant's Motion for Summary Judgment.

B.    Finally, the two cases relied upon by Defendant are distinguishable from our case. In *Coastal Plains, Inc.* the Plaintiff's predecessor in interest, Coastal Plains, Inc. owed a debt to Defendant Browning in the amount of $1.3 million dollars. *Coastal Plains, Inc. supra* at 199.  In their schedule of liabilities, Coastal Plains, Inc. did not specify the debt as contingent, disputed or subject to a setoff even though Coastal Plains, Inc. knew that they intended to bring a breach of contract suit against Browning among other claims. *Id.* After filing their Chapter 11 Bankruptcy petition, converting to Chapter 7 liquidation  and having their debts discharged, Coastal Plains, Inc. sold their breach of

contract claim to Industrial Clearinghouse, Inc. who then brought the breach of contract and other claims against Browning. *Id.* at 200. The Court in *Coastal Plains, Inc.* felt that this inconsistent position should be judicially estopped. *Id.* at 213.

In *Superior Crewboats, Inc.,* the Plaintiffs filed a Chapter 13 Bankruptcy and failed to disclose they had a personal injury lawsuit in their petition. *Superior Crewboats, Inc., supra* at 331. The Plaintiffs did disclose the personal injury suit in a creditor's meeting but inaccurately informed the creditors that the suit was barred by statute of limitations. *Id.* Thereafter, the Plaintiffs converted their Chapter 13 Bankruptcy to Chapter 7 and after discharging their debts, the Plaintiffs sought to continue with their personal injury suit which was not barred by the maritime statute of limitations. This Court felt that the Plaintiffs were to receive an unfair advantage using the Bankruptcy Court system. The Court held "[g]enerally, judicial estoppel is invoked where 'intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice'." *Id* at 332 quoting *Scarano v. Central R.R. Co.*, 203 F.2d 510, 513 (3d Cir. 1953). In our case we have a Plaintiff who has left out this lawsuit inadvertently and who has not sought to gain any unfair advantage over the Defendants or her creditors because she did not attempt to discharge any debt.

V.    <u>CONCLUSION</u>

Defendant has not met the prongs required to receive a summary judgment based on judicial estoppel, therefore Defendant's motion for summary judgment should be denied. Clearly Plaintiff failing to disclose this lawsuit in her Bankruptcy petition was inadvertent and she had no motive to do so. A dismissal of this lawsuit based on judicial estoppel would unfairly prejudice the Plaintiff and allow the Defendant's discriminatory practices to be awarded.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Honorable Court deny Defendant's Motion for Summary Judgment.

Respectfully submitted,

By: _____

RICHARD E. ZAYAS
Federal Id. No.16825
Texas Bar No. 00788744
3100 E. 14th St.
Brownsville, Texas  78521
Tel. (956)546-5060
Fax. (956)541-4157
Attorney for Plaintiff
AMALIA PEREZ

## CERTIFICATE OF SERVICE

I, RICHARD E. ZAYAS, do hereby certify that the forgoing Plaintiff's Response to Defendant's Motion For Summary Judgment was served on the following counsel of record in accordance with the Federal Rules of Civil Procedure on January 31, 2005:

Mark J. Oberti
SEYFARTH SHAW LLP
700 Louisiana Street, Suite 3700
Houston, Texas 77002
*Via Fax (713)225-2340*
*and First Class Mail*

By: _____

RICHARD E. ZAYAS