IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

FEB 0 7 2005

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| AMALIA PEREZ,<br>Plaintiff, | §<br>§<br>§ | |
| vs. | §<br>§ | CIVIL ACTION NO. B-04-68 |
| SEARS, ROEBUCK, AND COMPANY,<br>Defendant. | §<br>§<br>§ | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Amalia Perez (hereinafter "Perez"), filed suit against Sears, Roebuck, and Company (hereinafter "Sears") claiming Age Discrimination pursuant to the Employment Act of 1967 as amended, and Gender Discrimination under Title VII of the Civil Rights Act of 1964 as amended, and also under Chapter 451 of the Texas Labor Code, § 451.001 et.seq (Pl.'s Orig. Comp., at 2, ¶ 6, 7; Docket No.1). Pending before the Court is Defendant's Motion for Summary Judgment. (Docket No. 12). After carefully considering the motion, and all the pleadings, and documents on file, the Magistrate Judge recommends to the District Judge that Defendant's Motion for Summary Judgment be **GRANTED**.

### I.
### BACKGROUND[1]

Perez began working for Sears as a tire installer and battery checker on January 30, 1995. She states that she sustained injuries in the years 1996, 1998, 1999, 2002, while on the job. On November 29, 2001, Perez filed a Chapter 13 bankruptcy case in the United States District Court for

---

[1] The following facts are derived from Pl.'s Orig. Comp. (Docket No.1), and Def.'s Mot. for Summ. J. (Docket No. 12).

the Southern District of Texas.[2]

On November 7, 2002 she reported her last injury. Shortly thereafter, November 14, 2002, Perez was terminated by Sears. She filed a complaint with the Equal Employment Opportunity Commission (hereinafter "EEOC") on March 4, 2003. Perez did not disclose in her bankruptcy proceeding at any time, that she had filed a complaint with the EEOC. The EEOC issued Perez a "right to sue" letter on January 20, 2004.[3] This allowed Perez to sue Sears within 90 days of receiving the letter. Suit against Sears commenced on April 15, 2004.[4]

On January 8, 2004, the United States Bankruptcy Judge issued an order in her *first* Chapter 13 bankruptcy case. The order provided:

> "[t]hat all funds paid on behalf of the Debtor(s) into the Trustee's account be paid to creditors in accordance with the Debtor(s)'s Chapter 13 Plan or schedules per the Trustee's normal disbursement procedures."[5] The court further ordered Perez's Chapter 13 bankruptcy case dismissed.[6]

On May 3, 2004, Perez filed a second Chapter 13 bankruptcy case.[7] Again, Perez failed to disclose that she had filed a lawsuit against Sears just two weeks before.

On October 7, 2004, the United States Bankruptcy Judge dismissed the *second* Chapter 13 bankruptcy case ordering:

---

[2] Def.'s Mot. for Summ. J. at 2, Exhibit D, Case No. 01-23967

[3] Def.'s Mot. for Summ. J., Exhibit C, pg. 2

[4] Pl. Orig. Comp., Docket No. 1

[5] Def.'s Mot. for Summ. J., Exhibit D

[6] Def.'s Mot. for Summ. J., Exhibit D.

[7] Def.'s Mot. for Summ. J, Exhibit F, Case No. 04-10536

"[t]hat all funds paid on behalf of the Debtor(s) into the Trustee's account be paid to creditors in accordance with the Debtor(s)'s Chapter 13 Plan or schedules per the Trustee's normal disbursement procedures."[8] The court further ordered Perez's Chapter 13 bankruptcy case dismissed.[9]

## II.
## CLAIMS OF THE PARTIES

In its Motion for Summary Judgment, Sears contends that Perez is judicially estopped from pursuing her claims against Sears because the age and gender discrimination lawsuits against Sears were not disclosed in the bankruptcy proceedings.[10]

Perez argues that her failure to disclose the suit against Sears was inadvertent.[11] Specifically, Perez argues that she had no motive to conceal these claims; she was not aware of what documents were filed with the Bankruptcy petition; and that she was unaware of why her bankruptcy attorney "would not have listed said lawsuit."[12] For the reasons that follow, Sears Motion for Summary Judgment should be granted.

## III.
## SUMMARY JUDGMENT STANDARD

Summary judgment evidence is viewed in the light most favorable to the nonmovant. *Eastman Kodak v. Image Technical Servs.*, 504 U.S. 451, 456-58 (1992). Summary judgment is proper only when it appears that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). An alleged factual dispute will not

---

[8] Def.'s Mot. for Summ. J, Exhibit F

[9] Def.'s Mot. for Summ. J, Exhibit F

[10] Def. Mot. for Summ. J. at 6-8 (Docket No. 15).

[11] Pl.'s Resp. to Deny Def.'s Mot. for Summ. J. at 2 (Docket No. 15).

[12] Pl.'s Resp. to Deny Def.'s Mot. for Summ. J. at 4, Affidavit of Amalia Perez; (Docket No. 15);

defeat a motion unless it is genuine and material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is "material" if it involves a fact that might affect the outcome of the suit under governing law. *Douglass v. United Auto Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996). Once the movant establishes the absence of a factual dispute, the burden shifts to the nonmovant to show that summary judgment is inappropriate.

The nonmoving party may not rest upon the mere allegations or denials of its pleadings. *Anderson*, 477 U.S. at 256. Instead, the nonmovant must "make a showing sufficient to establish the existence of each essential element of its case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). This evidence must do more than create a metaphysical doubt. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986).

## IV.
## DISCUSSION

### A. *Judicial Estoppel Doctrine*

Judicial estoppel, a common law doctrine, prevents a party from assuming inconsistent positions in litigation. *In re Superior Crewboats, Inc.*, 374 F.3d 330 (5th Cir. 2004), *quoting Brandon v. Interfirst Corp.* 858 F.2d 266, 268 (5th Cir. 1988). The purpose of the doctrine is to protect the judicial system, not the litigants interest. *In re Coastal Plains, Inc.*, 179 F.3d 197, 205 (5th Cir. 1999).

The Fifth Circuit has set forth three requirements for judicial estoppel to apply. The requirements provide as follows:

> (1): where the position of the party to be estopped is clearly inconsistent with its previous one;
>
> (2): that party must have convinced the court to accept that previous position;

-4-

(3): the non-disclosure must not have been inadvertent.

*In re Superior Crewboats, Inc.*, 374 F.3d 330, 335 (5th Cir. 2004); *Coastal Plains*, 179 F.3d at 205.

### 1.) **Inconsistent Positions**

The first prong of the judicial estoppel test is satisfied. Clearly, Perez took "inconsistent positions" by omitting her *potential* claim against Sears, from her bankruptcy schedules. The Bankruptcy Code imposes an express affirmative duty to disclose all assets, *including contingent and unliquidated claims*, upon bankruptcy debtors. *Coastal Plains*, 179 F.3d at 207-08. Property of bankruptcy estate includes causes of action. *Matter of Educators Group Health Trust*, 25 F.3d 1281, 1283 (5th Cir. 1994); *Wieburg v. GTE Southwest Inc.* 272 F.3d 302 (5th Cir. 2001). Perez need only know that a possible cause of actions exists. *Heckler v. Product Development Corp.*, 2002 WL 824091 (N.D. Tex. 2002). Clearly, the lawsuit Perez had against Sears is the property of the bankruptcy estate.

Several district courts have held that a debtor has a continuing duty to disclose any potential claims. *Youngblood Group v. Lufkin Fed. Sav & Loan Ass'n*, 932 F.Supp. 859, 867 (E.D. Tex. 1996); *Heckler v. Product-Development Corp.*, 2002 WL 824091 (N.D. Tex.). Further, the debtor need not know the specific legal requirements of a cause of action for disclosure to be required. *Id.* Perez only had to know that she may have a possible cause of action in order to be required to disclose the claim in a bankruptcy proceeding. *Id.*

The Fifth Circuit has also held that lack of awareness of the statutory disclosure duty is simply not relevant to the question of judicial estoppel. *Coastal Plains*, 179 F.3d at 212; *See also Kamont v. West*, 83 Fed. Appx. 1, 2003 WL 22477703 (5th Cir. 2003) (unpublished) (per curiam).

In this case, Perez had a *continuing duty* to disclose any potential lawsuit she had. Yet, at no time during her bankruptcy proceedings did Perez disclose any *potential* claims she might have had against Sears. On November 29, 2001, Perez filed her first Chapter 13 bankruptcy case. She then filed a complaint with the EEOC on March 4, 2003. It was not until January 8, 2004, that the Bankruptcy Judge dismissed her first Chapter 13 case. She failed to disclose this potential claim in the bankruptcy proceeding.

After receiving notice from the EEOC of her "right to sue", Perez filed her lawsuit against Sears on April 15, 2004. Two weeks later, May 3, 2004, Perez filed her second bankruptcy proceeding. Again, Perez knew of the lawsuit from the very moment she filed her second bankruptcy, yet failed to disclose the pending claim in the bankruptcy proceeding. The second bankruptcy proceeding was not dismissed until October 7, 2004. Perez not only failed to disclose, but she failed to amend her bankruptcy schedule. *See In re Superior Crewboats, Inc.*, 374 F.3d at 335; *Coastal Plains*, 179 F.3d at 207-08. Non-disclosure of this lawsuit constitutes an inconsistent position as outlined in *Superior Crewboats*.

### 2.) <u>**Convinced Bankruptcy Court of Previous Position**</u>

Perez argues that Sears has not provided any evidence to establish the second prong of the judicial estoppel test.[13] However, the Fifth Circuit in *Coastal Plains,* concluded that a bankruptcy discharge is proof that the debtor convinced the bankruptcy court to accept his previous position. Since the bankruptcy judge entered an order dismissing her Chapter 13 bankruptcy case on January 8, 2005, and on October 7, 2004, this is enough to survive the second prong of the judicial estoppel test. Perez convinced the bankruptcy court to accept her previous position (that no cause of action

---

[13] Pl.'s Resp. to Deny Def.'s Mot. for Summ. J. at 2, ¶ 1.

was pending).

Therefore, the second prong of the judicial estoppel test is satisfied.

### 3.) Inadvertent Non-Disclosure

Perez lastly contends that her failure to disclose was inadvertent.[14] Specifically, she maintains that her inadvertence precludes judicial estoppel. Additionally, she states she "was not aware of what documents were filed along with the Bankruptcy petition..." However, the Fifth Circuit concluded in *Coastal Plains*, that "the debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, [t]he debtor either lacks knowledge *or* has no motive for [the] concealment." *Coastal Plains*, 179 F.3d at 210. In this case, Perez had both knowledge of the undisclosed claims, and motive to conceal such claim in her bankruptcy proceedings.

Perez knew of the possible claim when she first filed the complaint with the EEOC in March 2003. Additionally, Perez had a motive to conceal the suit against Sears. Had this claim been disclosed, the Bankruptcy Judge might not have dismissed Perez's second bankruptcy case. Certainly, by concealing such lawsuit against Sears, she would "[r]eap a windfall had [she] been able to recover on the undisclosed claim without having disclosed it to the creditors." *Superior Crewboats*, 374 F.3d at 336. As previously mentioned, judicial estoppel is designed to protect the interests of the judicial system, not the litigants. *Superior Crewboats*, 374 F.3d at 334. Therefore, the third prong of the judicial estoppel test is satisfied.

### B. *Recent Judicial Estoppel Decision in the Houston Division, Southern District of Texas*

This court notes the recent judicial estoppel analysis made in *Omokaro v. Sears, Roebuck &*

---

[14] Pl.'s Resp. to Deny Def.'s Mot. for Summ. J. at 4, ¶ 2.

*Co.*, H-03-3513 (S.D. Tex. 2004).[15] There, Omokaro filed suit against Sears based on race discrimination. *Id.* He later filed a bankruptcy petition, but failed to include any "contingent and unlqiudated claim" he may have had. *Id.* The Bankruptcy Judge discharged his bankruptcy case. *Id.* Sears argued that it was entitled to summary judgment, because Omokaro failed to list his suit on his bankruptcy schedule, and that barred him from pursuing his race discrimination lawsuit, under the doctrine of judicial estoppel. The court agreed. District Judge Ewing Werlein, Jr. traced each prong of the judicial estoppel test to Omokaro's case and concluded that Omokaro was barred from presenting his claims.

Similarly, Perez contends that her nondisclosure was unintentional. However, "the summary judgment evidence reveals an objectively discernible motive for nondisclosure of [Perez's] discrimination claim during [her] bankruptcy proceedings, namely, shielding from creditors any damages recovered by [Perez] in the discrimination case. *Id.; See also Superior Crewboats*, 374 F.3d at 336.

## V.
## RECOMMENDATION

The judicial estoppel test has been met. It is therefore, **RECOMMENDED** that Defendant's Motion for Summary Judgment be **GRANTED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court,

---

[15] Def.'s Mot. for Summ. J., Exhibit G.

provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 7th day of February, 2005.

                                        John Wm. Black
                                        United States Magistrate Judge