United States District Court
Southern District of Texas
FILED

FEB 1 8 2005

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| AMALIA PEREZ | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-04-068 |
| | § | |
| | § | JURY |
| SEARS, ROEBUCK AND COMPANY | § | |

**PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, AMALIA PEREZ, and files her Objection to Magistrate Judge's Report and Recommendation and in support thereof would show unto the Court the following:

**I.   SPECIFIC RELIEF CLAIMS SHOULD SURVIVE**

If the Court feels that Plaintiff's monetary claims should be dismissed on the doctrine of judicial estoppel, the Plaintiff's claims for specific relief of being rehired and reinstated should survive.

If the Court would take judicial notice of the Court's file, Plaintiff's Original Complaint seeks among other things relief for discrimination based on age and sex in violation of Title VII of the Civil Rights Act of 1964 and to correct unlawful practices on the basis of discrimination for filing a worker's compensation claim as allowed under Chapter 451 of the Texas Labor Code. Both statutes allow for specific relief for rehire and reinstatement of Plaintiff to the position she previously held with Defendant.

This claim for specific relief offered no monetary value to the bankruptcy estate, would not, in all likelihood, have changed the bankruptcy court's determination about how to proceed with the Plaintiff's bankruptcy. Therefore, Plaintiff's undisclosed claims for specific relief offered nothing of value to the estate of the Plaintiff and was of no consequence to the trustee or the creditors and therefore should survive summary judgment based on the doctrine of judicial estoppel. *Burnes v. Pemco Aeroplex, Inc.*, 291 F. 3d 1282, 1289 (11th Cir. 2002).

## II   SECOND PRONG STILL NOT SATISFIED

As mentioned in the response to summary judgment, in order for the doctrine of judicial estoppel to apply, the Defendant must prove the three requirements: (1) the party is judicially estopped only if its position is clearly inconsistent with the previous one; (2) the Court must have accepted the previous position; and (3) the non-disclosure must not have been inadvertent. *In Re Superior Crewboats, Inc.*, 374 F.3d 330, 331 (5th Cir. 2004).

Defendant in its motion for summary judgment totally fails to present any evidence to satisfy the second prong outlined above. Defendant totally fails to present any facts or evidence in its Motion for Summary Judgment of how the Bankruptcy Court accepted Plaintiff's alleged inconsistent position that no claim existed against Sears for wrongful termination.

At various parts in Defendant's motion for summary judgment, Defendant argues that the Bankruptcy Court accepted the Plaintiff's alleged inconsistent position by issuing an order of dismissal. There is no evidence before this Court that said Bankruptcy Court relied on any claims filed or not filed by Plaintiff before signing the dismissal. A dismissal from a Bankruptcy Court is merely an administrative act that is taken when the Debtor has not paid as required under her plan. Here, that is exactly what happened, no debts were discharged or discounted and the Court would

have signed the dismissal whether Plaintiff had a claim against Defendant or not. To summarize, Defendant has not presented any evidence whatsoever that the Court would not have signed the Chapter 13 dismissal order had the Plaintiff presented her claim that she had a pending lawsuit against the Defendant. Neither has the Defendant presented any evidence or conceivable theory of how the dismissal order may have been worded differently had the Chapter 13 Court Judge known that the pending lawsuit against Defendant existed. Therefore, no evidence whatsoever has been presented that "the Court must have accepted the previous inconsistent position." *In Re Superior Crewboats, Inc.*, 374 F.3d 330, 331 (5th Cir. 2004). The Court should find that no evidence with regards to the second prong has been presented in viewing the evidence with all justifiable inferences to be draw from the underlying facts that must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed. 2d 538 (1986).

### III. "INADVERTENT" BECAUSE NO MOTIVE FOR CONCEALMENT

The Defendant failed to present any evidence that Plaintiff's non-disclosure was not inadvertent. "The debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." *Id.* at 333 citing *Coastal Plains*, 179 F.3d at 210. The Defendant could attempt to prove that Plaintiff's non-disclosure "must not have been inadvertent" by presenting evidence of Plaintiff's motive for not disclosing the present lawsuit; Defendant has presented no evidence to prove any such motive on the part of the Plaintiff.

Plaintiff states in her affidavit attached to her response to summary judgment that she did not have any motive to not disclose the present lawsuit her in Chapter 13 Bankruptcy. Defendant has

not presented any evidence whatsoever that the Court would not have signed the Chapter 13 dismissal order had the Plaintiff presented her claim that she had a pending lawsuit against the Defendant. Stated differently, the Chapter 13 Bankruptcy Court dismissed Plaintiff's bankruptcy claim because of non-payment as required under her plan. When her Bankruptcy case was dismissed the Plaintiff was not afforded the protection from creditors as she would have been afforded had she paid according to her bankruptcy plan. The case would have been dismissed whether there was a pending lawsuit or not; therefore the Defendant cannot present any evidence of "motive" on the part of the Plaintiff or any evidence that the Court relied on the non-disclosure in dismissing the case.

In viewing the evidence with all justifiable inferences to be draw from the underlying facts in the light most favorable to the party opposing the motion (Plaintiff herein), the Court should find that Plaintiff's failure to disclose this lawsuit in her Bankruptcy petition was inadvertent. Since the Plaintiff did not have a motive to not disclose the present lawsuit in her Bankruptcy proceeding and with the facts presented in her affidavit, it is clear that her failure to disclose was inadvertent and Defendant cannot prove the third prong required in *Superior Crewboats*; this alone should be grounds to deny Defendant's Motion for Summary Judgment.

## IV.   CONCLUSION

Plaintiff's specific relief claims survive and the Defendant has not met the prongs required to receive a summary judgment based on judicial estoppel, therefore Defendant's motion for summary judgment should be denied. Clearly Plaintiff failing to disclose this lawsuit in her Bankruptcy petition was inadvertent and she had no motive to do so. A dismissal of this lawsuit based on judicial estoppel would unfairly prejudice the Plaintiff and allow the Defendant's discriminatory practices to be awarded.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Honorable Court deny Defendant's Motion for Summary Judgment and grant this Obejction.

Respectfully submitted,

By: _____
RICHARD E. ZAYAS
Federal Id. No.16825
Texas Bar No. 00788744
3100 E. 14th St.
Brownsville, Texas 78521
Tel. (956)546-5060
Fax. (956)541-4157
Attorney for Plaintiff
AMALIA PEREZ

## CERTIFICATE OF SERVICE

I, RICHARD E. ZAYAS, do hereby certify that the forgoing Plaintiff's Objection to Magistrate's Report and Recommendation was served on the following counsel of record in accordance with the Federal Rules of Civil Procedure on February 18, 2005:

Mark J. Oberti
SEYFARTH SHAW LLP
700 Louisiana Street, Suite 3700
Houston, Texas 77002
*Via Fax (713)225-2340
and First Class Mail*

By: _____
RICHARD E. ZAYAS