IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 2 3 2005

Michael N. Milby
Clerk of Court

| | |
|---|---|
| AMALIA PEREZ § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | CASE NO. B-04-068 |
| § | |
| SEARS, ROEBUCK AND CO. § | |
| § | |
| Defendant. § | |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTION TO THE MAGISTRATE'S REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant Sears, Roebuck and Co. ("Sears") files this response to plaintiff's objection to the magistrate's report and recommendation to grant defendant's motion for summary judgment, showing in support as follows:

I. **PEREZ'S ARGUMENT THAT A CLAIM FOR REINSTATEMENT SURVIVES IS INCORRECT**

Perez argues that a claim for job reinstatement to Sears survives, citing *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1287 (11th Cir. 2002).[1] Perez's argument fails, however, because she herself testified on pages 30 through 33 of her deposition that: (a) she does not want to be reinstated; and (b) her doctors have concluded that her former job at Sears is physically incompatible with her medical condition.[2] Therefore, Perez has no claim for job reinstatement, much less one that survives Sears' motion for summary judgment.

---

[1] Perez's Objection at 1.

[2] Perez Dep., Ex. A at 30-33. Except as otherwise noted, all references to exhibits are to the exhibits attached to Sears' Motion for Summary Judgment.

1

HO1 13058160.1

## II. PEREZ'S ARGUMENT THAT HER NONDISCLOSURES WERE "INADVERTENT" FAILS BECAUSE: (A) SHE KNEW OF THE UNDISCLOSED CLAIMS; AND (B) HAD A MOTIVE TO CONCEAL THEM

Perez also argues that judicial estoppel does not apply because her failure to disclose her claims against Sears in either of her two bankruptcies was "inadvertent."[3] Perez asserts in her affidavit that she failed to disclose her claims during her first bankruptcy because she did not know that the law required her to do so.[4] Perez asserts in her affidavit that she failed to disclose her claims (which were by then part of this pending lawsuit) in her second bankruptcy because she relied on her lawyer to do so.[5]

Even if Perez's testimony is accepted as true, if fails to refute the application of judicial estoppel. This is so because the Fifth Circuit has held that a debtor's failure to disclose claims can generally only be construed as unintentional when "the debtor either lacks knowledge of the undisclosed claims *or* has no motive for their concealment." *See In re Superior Crewboats, Inc.*, 374 F.3d 330, 335 (5th Cir. 2004) (quoting *In re Coastal Plains, Inc.*, 179 F.3d 197, 210 (5th Cir. 1999)) (emphasis in original); *In re Breauxsaus*, 304 B.R. 273, 279 (Bankr. N.D. Miss. 2003). As explained below, by Perez's own testimony, neither consideration applies in this case. *Id.*

### A. Perez Admits That She Knew Of The Undisclosed Claims

First, "inadvertence" as recognized by the Fifth Circuit does not apply because Perez admits in her affidavit that she knew of her claims during both bankruptcies.[6] *See In re Superior Crewboats, Inc.*, 374 F.3d at 335; *In re Coastal Plains, Inc.*, 179 F.3d at 210. Thus, Perez's alleged "inadvertence" is not based on any alleged lack of knowledge of her claims. Rather,

---

[3] Perez's Objection at 3-4.

[4] Perez's Affidavit.

[5] Perez's Affidavit.

[6] Perez's Affidavit.

2

Perez bases her "inadvertence" argument on her claimed lack of knowledge that she had a legal duty to disclose her claims (in her first bankruptcy) and her attorney's alleged failure to disclose her claims (in her second bankruptcy).[7] These types of assertions are not "inadvertence" as defined by the Fifth Circuit.

In *In re Coastal Plains, Inc.* the plaintiff – like Perez – also alleged that its failure to disclose was based upon a lack of awareness that it had such a legal duty. *See In re Coastal Plains, Inc.*, 179 F.3d at 212. The Fifth Circuit held that lack of awareness of the duty to disclose known claims is "not relevant," to the "inadvertence" test, and, thus, did not establish "inadvertence" as a matter of law. *Id.* In addition, the plaintiff in *Coastal Plains* argued – again, like Perez – that it relied on bankruptcy lawyers to guide it through any legal obligations, and should not be to blame for the lawyer's failures. *Id.* The court also rejected this argument as any proof of "inadvertence." *Id.* Even more recently, in *Kamont v. West*, 83 Fed.Appx. 1, 2003 WL 22477703, at *2 (5th Cir., Oct. 31, 2003), the Fifth Circuit rejected the very same "inadvertence" argument that Perez makes:

> Kamont also argues that the district court should have considered her ignorance of the law, because a court in equity should consider all the circumstances, not just the strict rules of the law. She says she had a legal aid lawyer who spent less than hour with her, that she was in court before the bankruptcy judge for less than ten minutes, and that she simply did not understand what was happening. We noted in *Coastal Plains* that many courts require that "the party to be estopped must have acted intentionally, *not* inadvertently," in order for judicial estoppel to apply. *Coastal Plains*, 179 F.3d at 206 (emphasis in original). We found, however, that based on the importance of full disclosure in bankruptcy, "in considering judicial estoppel for bankruptcy cases, the debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims *or* has no motive for their concealment." *Id.* at 210 (emphasis in original). **A lack of awareness of the statutory disclosure duty is simply not relevant to the question of judicial estoppel.** *Id.* at 212. Kamont therefore must show that she was unaware of the facts giving rise to her claim, not of her duty to report her claim. This she cannot do.

---

[7]   Perez's Affidavit.

3

*Id.* (bold added).

In short, Perez admits she knew that the undisclosed claims existed during both bankruptcies.[8] Under Fifth Circuit precedent, this proof alone establishes that her failure to disclose was not "inadvertent" as defined by the Fifth Circuit. *See In re Superior Crewboats, Inc.,* 374 F.3d at 335; *Kamont* 83 Fed.Appx. 1, 2003 WL 22477703, at *2; *In re Coastal Plains, Inc.,* 179 F.3d at 210. Perez's arguments to the contrary fail. *See In re Coastal Plains, Inc.,* 179 F.3d at 212; *Omokaro v. Sears, Roebuck & Co.,* No. H-03-3513 at 9-10 (S.D. Tex., Dec. 30, 2004).[9]

### B. Perez Had A Motive To Conceal The Undisclosed Claims

Perez also asserts that her failure to disclose was "inadvertent" because she had no motive to conceal the undisclosed claims.[10] *See In re Coastal Plains, Inc.,* 179 F.3d at 210 (failure to disclose claims is generally only "inadvertent" if "the debtor either lacks knowledge of the undisclosed claims *or* has no motive for their concealment." (emphasis in original).

Perez's "no motive" argument is contradicted by her own affidavit, in which she admits that she filed her bankruptcies to avoid foreclosure.[11] Since disclosing her allegedly valuable claims against Sears may have undermined this effort, Perez naturally had a motive not to disclose the claims. More significantly, Perez's assertion that she had "no motive" for her nondisclosures is directly refuted by *De Leon v. Comcar Industries, Inc.,* 321 F.3d 1289, 1291 (11th Cir. 2003), which held that:

---

[8] Perez's Affidavit.

[9] Ex. G.

[10] Perez's Objection at 3-4.

[11] Perez's Affidavit.

4

> . . . a financial motive to secret assets exists under Chapter 13 as well as under Chapter 7 because the hiding of assets affects the amount to be discounted and repaid. *Burnes* made no distinction based on the type of bankruptcy at issue. We also conclude that any distinction between the types of bankruptcies available is not sufficient enough to affect the applicability of judicial estoppel because the need for complete and honest disclosure exists in all types of bankruptcies.

*Id.*

*De Leon* is consistent with Fifth Circuit law, which holds that "[i]t goes without saying that the Bankruptcy Code and Rules impose upon bankruptcy debtors an express, affirmative duty to disclose all assets, *including contingent and unliquidated claims.*" *In re Coastal Plains, Inc.*, 179 F.3d at 207-08 (emphasis in original); *see also In re Breauxsaus*, 304 B.R. at 279 (relying on *De Leon* to conclude that Chapter 13 debtor had a motive to conceal his claim). Accordingly, under *De Leon* and *In re Breauxsaus*, Perez's "no motive" argument must fail.

### III. PEREZ'S ARGUMENT THAT THE BANKRUPTCY COURT DID NOT ACCEPT HER POSITION FAILS AS A MATTER OF LAW

Perez argues that the bankruptcy court did not accept her position that she had no claim against Sears.[12] This is simply wrong. To establish that the bankruptcy court accepted Perez's position that she had no claim against it, Sears merely has to show that the bankruptcy court "adopted the position urged by the [Perez], either as a preliminary matter or as part of a final disposition." *In re Superior Crewboats, Inc.*, 374 F.3d at 335 (citations omitted). Under this low standard, there is no doubt that the bankruptcy court accepted Perez's position.

On January 8, 2004, U.S. Bankruptcy Judge Richard S. Schmidt entered an order dismissing Perez's first Chapter 13 bankruptcy case, stating "[i]t is further ordered that all funds paid on behalf of the Debtor(s) into the Trustee's account be paid to creditors **in accordance with the Debtor(s)'s Chapter 13 Plan or schedules** per the Trustee's normal disbursement

---

[12] Perez's Objection at 2-3.

5

procedures."[13] The plain language of this order demonstrates that it was premised upon Perez's Chapter 13 plan or schedules, neither of which had disclosed her claim against Sears. Therefore, this order alone proves that the bankruptcy court "adopted the position urged by [Perez], either as a preliminary matter or as part of a final disposition." *In re Superior Crewboats, Inc.*, 374 F.3d at 335 (citations omitted).

Furthermore, on October 7, 2004, Judge Schmidt entered an order dismissing Perez's second Chapter 13 bankruptcy case, again stating "[i]t is further ordered that all funds paid on behalf of the Debtor(s) into the Trustee's account be paid to creditors **in accordance with the Debtor(s)'s Chapter 13 Plan or schedules** per the Trustee's normal disbursement procedures."[14] Again, the plain language of this order demonstrates that it was premised upon Perez's Chapter 13 plan or schedules, neither of which had disclosed her claim against Sears. Therefore, this order also proves that the bankruptcy court "adopted the position urged by [Perez], either as a preliminary matter or as part of a final disposition." *In re Superior Crewboats, Inc.*, 374 F.3d at 335 (citations omitted).

In addition, during 2004 Judge Schmidt entered numerous other orders in both of Perez's bankruptcy cases that adjusted Perez's debts and her repayment obligations to her creditors.[15] Because Perez failed to disclose her claims against Sears, Judge Schmidt's orders were necessarily predicated upon the assumption that no such claims existed. This predictable assumption by a bankruptcy court is exactly why there is "a financial motive to secret assets [that] exist[] under Chapter 13 as well as under Chapter 7 because the hiding of assets affects the

---

[13]     Order Dismissing Perez's First Chapter 13 Bankruptcy Case, Ex. D (bold added); Perez Dep., Ex. A at 35. The Court may take judicial notice of the pleadings and orders in Perez's two bankruptcy cases.

[14]     Order Dismissing Perez's Second Chapter 13 Bankruptcy Case, Ex. F to Sears' Reply (bold added).

[15]     *See* Exs. 3-6, attached to Sears' Reply.

amount to be discounted and repaid." *De Leon*, 321 F.3d at 1290-91. *See also In re Breauxsaus*, 304 B.R. at 279 (relying on *De Leon* to conclude that Chapter 13 debtor was judicially estopped from pursuing an undisclosed claim). Judge Schmidt's orders[16] during 2004 demonstrate that he "adopted the position urged by the [Perez], either as a preliminary matter or as part of a final disposition." *In re Superior Crewboats, Inc.*, 374 F.3d at 335 (citations omitted).

## IV.   CONCLUSION

"When a debtor fails to disclose a pending or potential claim in her bankruptcy case, she is judicially estopped from bringing that claim later on." *Kamont*, 83 Fed.Appx. 1, 2003 WL 22477703, at *2 (citation omitted). In this case, Perez failed to satisfy her basic duty of disclosure in two separate bankruptcy cases. Worse yet, in her second bankruptcy case, Perez falsely swore under penalty of perjury that she had not been a party to any lawsuit within the one year immediately preceding the bankruptcy filing.[17] Perez made this sworn false representation even though she was a party to this lawsuit at the very moment she made the misrepresentation – and this suit had just been filed eighteen days earlier.[18]

To allow Perez to proceed with claims that she twice failed to reveal in her bankruptcy proceedings – and swore did not exist – would demean the integrity of the judicial system and encourage debtors to hide assets. The judicial estoppel doctrine is designed precisely to prevent that result. *See In re Superior Crewboats, Inc.*, 374 F.3d at 335; *In re Coastal Plains*, 179 F.3d at 205-13. Accordingly, Sears respectfully prays that the Court adopt the magistrate's report and recommendation, grant its motion for summary judgment, order that Plaintiff Amalia Perez take nothing by way of this suit, and for all other relief to which it is justly entitled.

---

[16]   *See* Exs. 3-6, attached to Sears' Reply.

[17]   Perez's Bankruptcy Petition of 05/03/04, Ex. E (*see* Statement of Financial Affairs at No. 4).

[18]   Plaintiff's Original Complaint.

7

                    Respectfully submitted,

                    SEYFARTH SHAW LLP

By: _____
    Mark J. Oberti
    Texas Bar No. 00789951
    Southern District ID. No. 17918
    700 Louisiana Street, Suite 3700
    Houston, Texas 77002
    Telephone (713) 225-2300
    Facsimile (713) 225-2340

ATTORNEY-IN-CHARGE FOR DEFENDANT

OF COUNSEL

SEYFARTH SHAW LLP
700 Louisiana Street, Suite 3700
Houston, Texas 77002-2731
Telephone (713) 225-2300
Facsimile (713) 225-2340

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing instrument was served to all counsel of record, as listed below, via certified mail, return receipt requested, and placed into an official depository of the United States Postal Service, on this the 22nd day of February 2005.

    Richard E. Zayas
    3100 E. 14th St.
    Brownsville, Texas 78521



_____
Mark J. Oberti

HO1 13058160.1