IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
—BROWNSVILLE DIVISION—

United States District Court
Southern District of Texas
ENTERED

MAR 3 1 2005

Michael N. Milby, Clerk of Court
By Deputy Clerk

| AMALIA PEREZ, | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL NO. B-04-068 |
| | § | |
| SEARS, ROEBUCK AND CO., | § | |
| Defendant. | § | |

## ORDER

On February 7, 2005, Magistrate Judge John Wm. Black filed a Report and Recommendation (R&R) (Docket No. 17) in which he advised the Court to grant Defendant's Motion for Summary Judgment (Docket No. 12). The plaintiff filed her objections to the magistrate judge's R&R on February 22, 2005 (Docket No. 18); the Defendant filed its response to the objections on February 23, 2005 (Docket No. 19). Having considered *de novo* the issues raised by Plaintiff's objections, the Court hereby **ADOPTS** the magistrate judge's R&R.

The facts of this case are summarized in the magistrate judge's R&R. *Docket No. 17*. The Court writes only to address the objection raised by Plaintiff involving her claims for specific equitable rather than monetary relief.

Plaintiff argues that her claims for specific relief, namely that she be rehired and reinstated, should survive summary judgment because they offered no monetary value to the bankruptcy estate and they would not, in all likelihood, have changed the bankruptcy court's determination of how to proceed with the Plaintiff's bankruptcy. She cites an Eleventh Circuit case as support. *See Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1289 (11th Cir. 2002). The Eleventh Circuit in *Burnes*, addressing a similar set of facts, ruled that the plaintiff could proceed with his claims for injunctive

relief because his "undisclosed claim for injunctive relief offered nothing of value to the estate and was of no consequence to the trustee or the creditors." *Id.* The plaintiff in this case argues that this Court should apply the same rationale to her claim for job reinstatement. At least one Fifth Circuit case, albeit in an unpublished opinion, rejected this argument as it pertains to injunctive relief because the plaintiff, like Ms. Perez, no longer worked for the defendant. *Kamont v. West*, 83 Fed.Appx. 1, *3, 2003 WL 22477703, **3 (5th Cir. 2003).

However, as the defendant points out in its response (Docket No. 19), the plaintiff testified that her doctors have informed her that her former job is incompatible with her physical limitations. She also testified that she had not claimed that she wanted reinstatement. *See Docket No. 12, Ex. A* (Deposition of Amalia Perez). Based on this testimony, the Court concludes that her claims for specific relief are untenable. Even though Plaintiff's Complaint (Docket No. 1) makes claims for the rehire and reinstatement of Plaintiff, Plaintiff's testimony negates recovery on those bases.

Therefore, the Court hereby **ADOPTS** the magistrate judge's R&R, **OVERRULES** Plaintiff's objections, and **GRANTS** Defendant's Motion for Summary Judgment.

Signed in Brownsville, Texas this 30th day of March, 2005.

Andrew S. Hanen
United States District Judge